UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY DAVIS | CIVIL ACTION |
| VERSUS | NO: 07-8545 |
| AUTO CLUB FAMILY INSURANCE COMPANY | SECTION: R(2) |

**ORDER AND REASONS**

Before the Court is defendant Auto Club Family Insurance Company's motion to dismiss or alternative motion to strike and request for attorneys' fees. For the following reasons, the Court DENIES the motion to dismiss and motion to strike. The Court GRANTS the request for attorneys' fees.

## I. Background

Plaintiff Henry Davis is a Louisiana homeowner whose home was damaged by Hurricane Katrina and/or Hurricane Rita. Plaintiff sued his homeowners' insurer, defendant Auto Club Family Insurance Company, in state court for breach of contract and improper claims adjustment. The case was removed to federal court and is scheduled for trial on January 26, 2009. (R. Doc. 8).

On February 25, 2008, defendant sent plaintiff a preliminary set of interrogatories and a request for production of documents.

(R. Doc. 9-2, Exhibit 1). Plaintiff did not respond. Defendant filed a motion to compel discovery on May 20, 2008. (R. Doc. 9). Plaintiff did not file an opposition to the motion, and the motion was granted on June 6, 2008. (R. Doc. 12). The Court ordered plaintiff to respond to defendant's discovery requests fully and in writing, in accordance with Federal Rules of Civil Procedure 33 and 34, and to make all responsive documents available to defendant's counsel within 10 days of the entry of the order. (R. Doc. 12). Plaintiff was also ordered to pay defendant $450 in attorneys' fees. (R. Doc. 12).

Defendant claims that plaintiff never complied with the order and now moves to dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2). Alternatively, defendant moves the Court to enter an order prohibiting plaintiff from supporting his claims by the introduction of any evidence regarding any topics or issues contemplated in defendant's discovery requests. Defendant concedes that plaintiff e-mailed responses to its discovery requests on June 16, 2008 but claims the responses were incomplete. Specifically, defendant claims that plaintiff failed to completely respond to interrogatory Nos. 3, 6 and 7. Defendant alleges that plaintiff failed to provide responses to its request for production of documents Nos. 10-15. Defendant further contends that plaintiff failed to pay $450.00 in attorneys' fees by June 16, 2008 as ordered by the Court.

Plaintiff claims that he has answered all of the discovery requests submitted by defendant and has supplemented the responses in accordance with the concerns listed by the defendant.

## II. Discussion

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action with prejudice when a party fails to obey a discovery order. The Fifth Circuit has noted, however, that dismissal with prejudice is a "draconian remedy," which the district court should impose only as a matter of last resort. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985). Courts should use sanctions as a "lethal weapon" only under extreme circumstances. *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). The Court may dismiss a case as a sanction for violating a discovery order only when the following conditions are met: (1) the refusal to comply results from bad faith or willfulness and is accompanied by delay or contumacious conduct; (2) the violation is attributable to the client instead of the attorney; (3) the violating conduct substantially prejudices the other party; and (4) a less severe sanction would not achieve the same result. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir.

1990)).

After reviewing the facts of this case, the Court declines to impose the ultimate sanction of dismissal with prejudice for plaintiff's failure to comply with the Court's June 6, 2008 discovery order. Plaintiff submitted discovery responses by e-mail within the 10-day deadline specified in the order and mailed hard copies of the responses and exhibits on the same day. Plaintiff later supplemented the responses. Plaintiff has explained that his responses were delayed because he had to gather the documents from the two houses, one in Texas and one in New Orleans, he now maintains after Hurricane Katrina. The Court has found nothing in the record to suggest that plaintiff's failure to comply with the discovery order was the result of bad faith or willfulness. Accordingly, the Court DENIES defendant's motion to dismiss.

Further, the Court does not find that evidentiary sanctions are appropriate. The Court nonetheless recognizes that plaintiff's failure to adequately comply with the Court's discovery order has prejudiced defendant's preparation for trial. The Court thus ORDERS the plaintiff to correct the deficiencies in his responses to defendant's discovery requests within 10 days of the entry of this Order. Specifically, plaintiff must respond more completely to interrogatory Nos. 3, 6, and 7. Plaintiff must also fully respond to defendant's request for production of

documents and pay the $450.00 this Court ordered him to pay in attorneys' fees. Additionally, the Court orders plaintiff to pay defendant the reasonable attorneys' fees that it incurred in filing this motion. If plaintiff fails to comply with this Court's order, more drastic sanctions may be appropriate.

**III. Conclusion**

For the foregoing reasons, the Court DENIES defendant's motion to dismiss and defendant's motion to strike. The Court ORDERS plaintiff to correct the deficiencies in his responses to defendant's discovery requests and pay defendant $450.00 in attorneys' fees within 10 days of the entry of this order. The Court further ORDERS defendant to submit evidence of the expenses incurred in filing this motion within seven days of the entry of this order.

New Orleans, Louisiana, this 2nd day of December, 2008.

Sarah Vance

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE